UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANDRÉ SMITH
DIN #: 03A6565
SOUTHPORT CORRECTIONAL FACILITY
P.O. BOX 2000
PINE CITY, NEW YORK 14871

FILED

* 2007 JUL 18 AM 11:32    COMPLAINT    *

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO    07 - CV - 6350

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
2310 U.S. COURTHOUSE
100 STATE STREET
ROCHESTER, NEW YORK 14614

CLERK USDC WDNY
JUL 17 2007
RECEIVED

RE: ANDRÉ SMITH, PRO SE
PLAINTIFF

VS.

THE FOLLOWING COMMISSIONER,
DIRECTOR, SUPERINTENDENT
SEARGANT AND CORRECTIONS
OFFICER, INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITY

ENCLOSED PLEASE FIND FOR FILING
IN THE ABOVE-ENTITLED CASE

PAGE 1-2 — PARTIES INVOLVED
PAGE 3 - PREVIOUS LAWSUIT, EXHAUSTION OF
STATEMENT OF CLAIM

PAGES 4-32 - STATEMENT OF FACTS
(COMPLAINT)

PAGES 32-38 - LIST OF CLAIMS

PAGE 39 — PRAYER FOR RELIEF

PAGES 40-41 - MOTION TO PROCEED IN FORMA PAUPERIS
PAGE 42 - PRISONER AUTHORIZATION
PAGE 43 - CIVIL COVER SHEET
PAGES 44-50 - MOTION FOR APPOINTMENT OF COUNSEL

1. COMMISSIONER BRIAN FISCHER
2. DIRECTOR THERESA KNAPP DAVID
3. SUPERINTENDENT DAVID NAPOLI
4. SEARGANT M. SHUMAKER
5. CORRECTIONS OFFICER AYERS
6. CORRECTIONS OFFICER SKELLY
7. CORRECTIONS OFFICER AUGUSTINE

## PARTIES INVOLVED

A. PLAINTIFF <u>ANDRÉ SMITH</u> IS CONFINED IN THE SOUTHPORT CORRECTIONAL FACILITY, LOCATED IN THE PINE CITY, NEW YORK

*1. DEFENDANT <u>BRIAN FISCHER</u> IS AND WAS AT ALL RELEVANT TIMES HEREIN THE COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES LOCATED IN ALBANY, NEW YORK.

*2. DEFENDANT <u>THERESA KNAPP DAVID</u> IS AND WAS AT ALL RELEVANT TIMES HEREIN THE DIRECTOR OF THE INMATE CLASSIFICATION AND MOVEMENT OFFICE OF THE NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES LOCATED IN ALBANY, NEW YORK.

*3. DEFENDANT <u>DAVID NAPOLI</u> IS AND WAS AT ALL RELEVANT TIMES HEREIN THE SUPERINTENDENT OF THE SOUTHPORT CORRECTIONAL FACILITY, LOCATED IN PINE CITY, NEW YORK.

*4. DEFENDANT <u>SEARGANT SHUMAKER</u> IS AND WAS AT ALL RELEVANT TIMES HEREIN THE SEARGANT OF THE SOUTHPORT CORRECTIONAL FACILITY, LOCATED IN PINE CITY, NEW YORK.

*5. DEFENDANT <u>CORRECTIONS OFFICER AYERS</u> IS AND WAS AT ALL RELEVANT TIMES HEREIN A CORRECTIONS OFFICER OF THE SOUTHPORT CORRECTIONAL FACILITY LOCATED IN PINE CITY, NEW YORK.



*6.   DEFENDANT   <u>CORRECTIONS   OFFICER   SKELLY</u>   IS   AND
WAS   AT   ALL   RELEVANT   TIMES   HEREIN   A
CORRECTIONS   OFFICERS   AT   THE   SOUTHPORT   CORRECTIONAL
FACILITY , LOCATED   IN   PINE   CITY , NEW YORK .

*7.   DEFENDANT   <u>CORRECTIONS   OFFICER   AUGUSTINE</u>   IS   AND
WAS   AT   ALL   RELEVANT   TIMES   HEREIN   A
CORRECTIONS   OFFICER   AT   THE   SOUTHPORT   CORRECTIONAL
FACILITY , LOCATED   IN   PINE   CITY , NEW YORK .

*8.   THIS   ACTION   ARISES   UNDER   AND   IS   BROUGHT
PURSUANT   TO   42 U.S.C. $ 1983   TO   REMEDY
THE   DEPRIVATION   UNDER   COLOR   OF   STATE   LAW
AND   OF   CONSTITUTIONAL   RIGHTS   GUARANTEED   BY
THE   1ST , 4TH , 6TH , 8TH   AND   14TH   AMENDMENT   RIGHTS
AS   WELL   AS   ARTICLE   1 , SECTION   8 , SUBDIVISION
16   OF   THE   U.S.   CONSTITUTION .

*9.   THIS   COURT   HAS   JURISDICTION   OVER   THIS
ACTION   PURSUANT   TO   28 U.S.C. $ 1331 .
PLAINTIFF'S   CLAIMS   FOR   INJUNCTIVE   RELIEF   ARE
AUTHORIZED   BY   28 U.S.C. $ 2283   AND   RULE
65   OF   THE   FEDERAL   RULES   OF   CIVIL   PROCEDURE .

*10. THIS   CAUSE   OF   ACTION   AROSE   IN   THE
WESTERN   DISTRICT   OF   NEW   YORK .
THEREFORE , VENUE   IS   PROPER   UNDER   28 U.S.C. $ 1391

## PREVIOUS LAWSUITS FILED BY PLAINTIFF

\* 11. PLAINTIFF HAS FILED OTHER LAWSUITS DEALING WITH AN ACTION RELATING TO HIS IMPRISONMENT.

\* 12. PLAINTIFF CURRENTLY HAS TWO FEDERAL CIVIL ACTION CASES ( 04 cv 6432 ) AND ( 07 cv 6265 ) PENDING IN THE WESTERN DISTRICT OF NEW YORK.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

\* 13. PLAINTIFF EXHAUSTED HIS ADMINISTRATIVE REMEDIES BY FILING GRIEVANCES RELATED TO ALL OF HIS CLAIMS.

## STATEMENT OF CLAIM

\* 14. PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE PARAGRAPHS ( 1 - 60 ) HEREIN .
AT ALL RELEVANT TIMES, DEFENDANTS WERE "PERSONS" FOR PURPOSE OF 42 U.S.C. $\S$ 1983 AND ACTED UNDER COLOR OF STATE LAW TO DEPRIVE PLAINTIFF OF HIS 1ST, 4TH, 6TH, 8TH AND 14TH AMENDMENT RIGHTS, AS SET FORTH MORE FULLY IN THE STATEMENT OF FACTS STATED ON THE NEXT PAGE

André Smith
ANDRÉ SMITH, Pro Se
DIN #: 03A6565

DATED : JULY 14TH, 2007

PAGE 4

\* JURY TRIAL DEMANDED

## STATEMENT OF FACTS / COMPLAINT

1. ON JUNE 22ND, 2007 AT APPROMIATELY 7:05 P.M. IN THE SOUTHPORT CORRECTIONAL FACILITY, THE PLAINTIFF ANDRÉ SMITH WAS MALICIOUSLY AND SADISTICALLY ASSAULTED AND BATTERED BY DEFENDANT CORRECTIONS OFFICER (C.O.) AYERS AND DEFENDANT CORRECTIONS OFFICER (C.O.) SKELLY IN RETALIATION FOR THE PLAINTIFF's VIGOROUS PURSUIT OF GRIEVANCES AND TWO FEDERAL CIVIL ACTIONS (CASE: 04 CV 6432)(CJS)(MWP) (CASE: 07 CV 6265) THAT ARE CURRENTLY PENDING IN THE U.S. DISTRICT COURT, WESTERN DISTRICT OF NEW YORK.

2. U.S. DISTRICT JUDGE CHARLES J. SIRAGUSA IS THE PRESIDING JUDGE IN BOTH OF THE PLAINTIFF's FEDERAL CIVIL ACTIONS (04 CV 6432)(07 CV 6265) HOWEVER, U.S. DISTRICT JUDGE CHARLES J. SIRAGUSA HAS ASSIGNED BOTH OF THESE FEDERAL CIVIL ACTIONS (04 CV 6432)(07 CV 6265) TO U.S. MAGISTRATE JUDGE MARIAN W. PAYSON.
ON MAY 10TH, 2007, THE PLAINTIFF WAS TRANSFERED FROM THE ATTICA CORRECTIONAL FACILITY TO THE SOUTHPORT CORRECTIONAL FACILITY.

3. FROM MAY 11TH, 2007 TO JUNE 22ND, 2007, THE PLAINTIFF SENT NUMEROUS LETTERS TO THE DEFENDANT SUPERINTENDENT DAVID NAPOLI, NOTIFYING HIM THAT HE WAS IN FEAR FOR HIS PHYSICAL SAFETY AT THE SOUTHPORT CORRECTIONAL FACILITY DUE TO THE FACT THAT HE WAS PHYSICALLY ASSAULTED BY THREE SOUTHPORT CORRECTIONS OFFICERS ( AUGUSTINE , T. HABLE , J. GILBERT ) ON JULY 5TH, 2005 IN RETALIATION FOR THE PLAINTIFF'S PURSUIT OF A FEDERAL CIVIL ACTION ( CASE: 04 cv 6432) AND ALSO BECAUSE OF HIS RELIGIOUS BELIEFS. ON AUGUST 15TH, 2005, THE PLAINTIFF WAS TRANSFERED FROM THE SOUTHPORT CORRECTIONAL FACILITY TO THE ELMIRA CORRECTIONAL FACILITY, AFTER IT WAS DETERMINED THAT THE THREE SOUTHPORT CORRECTIONS OFFICERS INVOLVED IN THE JULY 5TH, 2005 ASSAULT OF THE PLAINTIFF, WERE IN MISCONDUCT.

4. ON MAY 11TH, 2007, AFTER RE-ARRIVING AT THE SOUTHPORT CORRECTIONAL FACILITY, THE PLAINTIFF NOTIFIED THE DEFENDANT SUPERINTENDENT DAVID NAPOLI THAT HE FEARED HE WOULD BECOME A "TARGET" FOR RETALIATORY ACTIONS BY THE THREE CORRECTIONS OFFICERS ( AUGUSTINE , T. HABLE , J. GILBERT) INVOLVED IN THE JULY 5TH, 2005 ASSAULT OF THE PLAINTIFF, AS WELL AS BY OTHER SOUTHPORT PRISON OFFICIALS.

5#. THE PLAINTIFF NOTIFIED THE DEFENDANT SUPERINTENDENT DAVID NAPOLI THAT HIS SAFETY CONCERNS WERE BASED ON THE FACT THAT HE WAS ACTIVELY PURSUING A FEDERAL CIVIL ACTION (CASE: 07 cv 6265) AGAINST THE THREE CORRECTIONS OFFICERS (AUGUSTINE, T. HABLE , J. GILBERT) INVOLVED IN THE JULY 5TH, 2005 ASSAULT, AS WELL AS OTHER SOUTHPORT PRISON OFFICIALS

6#. THE PLAINTIFF NOTIFIED THE DEFENDANT DAVID NAPOLI THAT ALL THREE OF THE CORRECTIONS OFFICERS THAT PHYSICALLY ASSAULTED HIM ON JULY 5TH, 2005 STILL WORKED AT THE SOUTHPORT CORRECTIONAL FACILITY, INCLUDING THE DEFENDANT CORRECTIONS OFFICER (C.O.) AUGUSTINE .

THE PLAINTIFF NOTIFIED THE DEFENDANT DAVID NAPOLI THAT HE WOULD BECOME A "TARGET" FOR PHYSICAL RETALIATORY ACTIONS AT THE HANDS OF DEFENDANT C.O. AUGUSTINE AND OTHER SOUTHPORT CORRECTIONS OFFICERS, ONCE THEY LEARNED THAT THE PLAINTIFF HAD RE-ARRIVED AT THE SOUTHPORT CORRECTIONAL FACILITY , THEREFORE THE PLAINTIFF REQUESTED TO BE TRANSFERED TO ANOTHER FACILITY .



7. WHEN THE PLAINTIFF WAS PHYSICALLY ASSAULTED ON JULY 5TH, 2005 BY DEFENDANT C.O. AUGUSTINE AND TWO OTHER OFFICERS (T. HABLE, J. GILBERT) IT WAS IN RETALIATION FOR THE PLAINTIFF'S PURSUIT OF A FEDERAL CIVIL ACTION (CASE: 04 CV 6432) AND HIS RELIGIOUS BELIEFS.

THEREFORE, UPON REARRIVING AT THE SOUTHPORT CORRECTIONAL FACILITY, ON MAY 11TH, 2007, THE PLAINTIFF'S SAFETY CONCERNS (THAT HE WOULD ONCE AGAIN BE A "TARGET" FOR PHYSICAL RETALIATORY ACTIONS BY THE DEFENDANT C.O. AUGUSTINE AS WELL AS BY OTHER OFFICERS) ARE AND WERE LEGITIMATE.

8. FROM MAY 11TH, 2007 TO JUNE 22ND, 2007, THE PLAINTIFF NOTIFIED THE DEFENDANT DAVID NAPOLI THAT HE WOULD LIKE TO BE TRANSFERED TO ANOTHER FACILITY BASED ON HIS SAFETY CONCERNS.

HOWEVER, THE DEFENDANT DAVID NAPOLI DISREGARDED AND IGNORED THE PLAINTIFF'S REQUESTS AND SAFETY CONCERNS, BY REFUSING TO FULLY INVESTIGATE THE PLAINTIFF'S SAFETY CONCERNS, WHICH WERE LEGITIMATE AND SHOULD OF BEEN TAKEN SERIOUSLY.

* HOWEVER, AS A MATTER OF POLICY, DEFENDANT SUPERINTENDENT DAVID NAPOLI IGNORED THE PLAINTIFF'S REQUESTS AND SAFETY CONCERNS.

9#. THE PLAINTIFF NOTIFIED U.S. MAGISTRATE JUDGE MARIAN W. PAYSON OF HIS SAFETY CONCERNS AND REQUESTED THAT THE COURT TAKE ANY ACTION IT DEEMED NECESSARY.

ON MAY 22ND, 2007 AND JUNE 13TH, 2007, U.S. MAGISTRATE JUDGE MARIAN W. PAYSON SENT A LETTER TO THE DEFENDANT SUPERINTENDENT DAVID NAPOLI ASKING HIM TO TAKE ANY ACTION HE DETERMINED APPROPRIATE TO INVESTIGATE THE PLAINTIFF'S SAFETY CONCERNS.

COPIES OF THESE TWO LETTERS WERE SENT TO

10#. THE DEFENDANT DIRECTOR THERESA KNAPP DAVID, WHO IS IN CHARGE OF THE NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES (D.O.C.S.) DIVISION OF INMATE CLASSIFICATION AND MOVEMENT

THE DEFENDANT DIRECTOR THERESA KNAPP DAVID IS RESPONSIBLE AND IN CHARGE OF TRANSFERRING PRISONERS AND CLASSIFYING PRISONERS THROUGHOUT THE NEW YORK STATE D.O.C.S.

THE PLAINTIFF ALSO NOTIFIED THE PRISONERS RIGHTS PROJECT OF THE LEGAL AID SOCIETY IN NEW YORK CITY REQUESTING THAT THEY NOTIFY THE DEFENDANT SUPERINTENDENT DAVID NAPOLI REGARDING HIS SAFETY CONCERNS.

FROM MAY 11TH, 2007 TO THE PRESENT DAY THE PLAINTIFF HAS WRITTEN APPROXIMATELY 20 TO 30 LETTERS TO THE DEFENDANTS SUPERINTENDENT DAVID NAPOLI AND DIRECTOR THERESA KNAPP DAVID REQUESTING TO BE TRANSFERED TO ANOTHER FACILITY.



11. ON JUNE 6TH, 2007, THE LEGAL AID SOCIETY'S LEGAL INTERN, MS. KATE SKOLNICK WROTE A LETTER TO THE DEFENDANT DIRECTOR THERESA KNAPP DAVID REQUESTING THAT THE PLAINTIFF BE TRANSFERRED TO ANOTHER FACILITY DUE TO HIS SAFETY CONCERNS WHILE FEDERAL CIVIL ACTIONS (04 CV 6432)(07 CV 6265) ARE PENDING. COPIES OF THIS LETTER WERE SENT TO THE DEFENDANT DAVID NAPOLI.

FROM MAY 11TH, 2007 TO JUNE 22ND, 2007, THE DEFENDANTS DIRECTOR THERESA KNAPP DAVID AND SUPERINTENDENT DAVID NAPOLI FAILED TO ADDRESS AND PROPERLY INVESTIGATE THE PLAINTIFF'S SAFETY CONCERNS. IN FACT, TO THIS DAY, THE PLAINTIFFS SAFETY CONCERNS HAVE NOT BEEN ADDRESS

12. FROM MAY 18TH, 2007 TO JUNE 22ND, 2007, THE PLAINTIFF WAS HOUSED IN B-BLOCK, 6 COMPANY, 2 CELL IN THE SOUTHPORT CORRECTIONAL FACILITY.

ON JUNE 22ND, 2007 AT APPROMIATELY 6:00 P.M. CORRECTIONS OFFICER CHARRON NOTIFIED INMATE "HARRIS" DIN #05B0851, THAT A DIET CUP WAS MISSING IN B-BLOCK, 6 COMPANY.

INMATE WITNESS "HARRIS" WAS THE PORTER IN B-BLOCK, 6 COMPANY AND HE WAS RESPONSIBLE FOR PASSING OUT AND COLLECTING FOOD TRAYS FROM EACH OF THE 21 INMATES HOUSED IN B-BLOCK, 6 COMPANY.

13th. ON JUNE 22nd, 2007 AT APPROMIATELY 6:10 P.M.
INMATE WITNESS "HARRIS" DIN # 05B0851 NOTIFIED
C.O. CHARRON THAT NONE OF THE 21 INMATES
HOUSED IN B-BLOCK, 6 COMPANY POSSESSED A
DIET CUP.
AT APPROXIMATELY 6:30 P.M. THE DEFENDANT
SEARGANT SHUMAKER AUTHORIZED FOR THE ENTIRE
B-BLOCK, 6 COMPANY TO BE FULLY SEARCHED
INCLUDING IT's 21 INMATES.
THE BASIS FOR THIS SEARCH WAS TO FIND
THE "ALLEGED" MISSING DIET CUP.
EACH OF THE 21 INMATES THAT WERE HOUSED
ON B-BLOCK, 6 COMPANY, HAD THEIR CELLS
FULLY SEARCHED.

14th. ON JUNE 22nd, 2007 AT APPROXIMATELY 7:05 P.M.
THE PLAINTIFF WAS HANDCUFFED BEHIND HIS BACK
BY DEFENDANT C.O. AYERS AND DEFENDANT
C.O. SKELLY, AND ESCORTED TO THE SHOWER AREA
WHILE HIS CELL WAS SEARCHED.
AFTER THE PLAINTIFF's CELL WAS SEARCHED
THE PLAINTIFF WAS ESCORTED BACK TO HIS
CELL.

15th. UPON ARRIVING BACK AT HIS CELL, THEIR WAS APPROXIMATELY 10 CORRECTIONS OFFICERS IN FRONT OF THE PLAINTIFF'S CELL INCLUDING THE DEFENDANTS C.O. AYERS, C.O. SKELLY AND SEARGANT SHUMAKER.

THE DEFENDANT C.O. AYERS WALKED UP TO THE PLAINTIFF AND STATED "SO, YOUR THE GUY THAT LIKES FILING GRIEVANCES AND LAWSUITS ON MY FELLOW OFFICERS".

DEFENDANT C.O. AYERS THEN PROCEEDED TO CHOKE THE PLAINTIFF AND HIT THE PLAINTIFF IN THE FACIAL AREA APPROXIMATELY 5 TO 7 TIMES.

DEFENDANT C.O. SKELLY THEN PROCEEDED TO THROW THE PLAINTIFF INSIDE OF HIS CELL AND HIT THE PLAINTIFF IN THE FACIAL AREA AN ADDITIONAL 5 TIMES, AND STATED "I HATE YOU MUSLIMS, FUCK YOU AND YOUR LAWSUITS".

DEFENDANTS C.O. AYERS AND C.O. SKELLY'S SUPERVISING OFFICER, DEFENDANT SEARGANT SHUMAKER WITNESSED THIS ENTIRE SITUATION AND DID NOTHING TO STOP IT, IN FACT THE DEFENDANT SEARGANT SHUMAKER WAS LAUGHING WHILE THE PLAINTIFF WAS BEING PHYSICALLY ASSAULTED AND STATED "THAT WILL TEACH HIM".

* NO DIET CUP WAS EVER RECOVERED FROM B-BLOCK, 6 COMPANY

16#. THE PLAINTIFF WAS ESCORTED TO B-BLOCK, 1 COMPANY 5 CELL SHORTLY AFTER BEING PHYSICALLY ASSAULTED THE PLAINTIFF WAS EXAMINED BY NURSE BLANLEY OF THE SOUTHPORT MEDICAL STAFF.

SEVERAL PICTURES WERE TAKEN OF THE PLAINTIFF'S FACE AND BACK AREA.

AS A RESULT OF THE MALICIOUS AND SADISTIC ASSAULT AND BATTERY, BY DEFENDANTS C.O. AYERS AND C.O. SKELLY, ON THE PLAINTIFF, THE PLAINTIFF SUSTAINED SERIOUS INJURIES TO THE FACIAL AREA AND TO THE BACK.

17# THE SERIOUS INJURIES TO THE PLAINTIFF'S FACIAL AREA INCLUDED A BLACK AND SWOLLEN LEFT EYE WITH SEVERAL LACERATIONS AROUND THE LEFT EYE, AND SEVERAL OTHER CUTS AND BRUISES AROUND THE FACIAL AND NOSE AREA, AND SEVERAL OTHER CUTS AND BRUISES IN THE PLAINTIFF'S BACK.

THE PLAINTIFF ALSO SUSTAINED INJURIES TO HIS SHOULDER AND LEGS.

AFTER THE PLAINTIFF WAS EXAMINED BY THE NURSE BLANLEY, NURSE BLANEY TOOK PICTURES OF THE PLAINTIFF'S INJURIES, WHICH IS NORMAL PROCEDURES WHEN EVENTS LIKE THIS OCCUR.

18#. THE PLAINTIFF WAS PLACED ON B-BLOCK, 1 COMPANY 5 CELL, WHICH IS THE SAME HOUSING UNIT THAT THE DEFENDANT CORRECTIONS OFFICER AUGUSTINE WORKS ON, AND HAS CAUSED THE PLAINTIFF PERSONAL HUMILIATION. THE DEFENDANT C.O. AUGUSTINE IS THE SAME OFFICER THAT PHYSICALLY ASSAULTED THE PLAINTIFF, BACK ON JULY 5TH, 2005, IN RETALIATION FOR THE PLAINTIFF'S PURSUIT OF FEDERAL CIVIL ACTION # 04 CV 6432.

19#. DEFENDANT C.O. AUGUSTINE IS IN CHARGE OF PASSING OUT FOOD TRAYS AND COLLECTING FOOD TRAYS ON B-BLOCK, 1 COMPANY.

DEFENDANT C.O. AUGUSTINE IS ALSO IN CHARGE OF GIVING INMATES THEIR INCOMING MAIL AND PICKING UP AND SENDING OUT INMATES OUTGOING MAIL.

FROM JUNE 23RD, 2007 TO THE PRESENT DAY, THE DEFENDANT C.O. AUGUSTINE REFUSES TO PASS THE PLAINTIFF FOOD TRAYS, THEREFORE DEPRIVING THE PLAINTIFF OF FOOD, IN RETALIATION FOR THE PLAINTIFF'S PURSUIT OF GRIEVANCES AND A FEDERAL CIVIL ACTION # 04 CV 6432 AND # 07 CV 6265 (NOTE: THE DEFENDANT C.O. AUGUSTINE IS A DEFENDANT IN FEDERAL CIVIL ACTION # 07 CV 6265).

BEING IN THE PRESENCE OF DEFENDANT C.O. AUGUSTINE ON A DAILY BASIS CAUSES THE PLAINTIFF MENTAL ANGUISH AND DISTRESS

20#. FROM JUNE 23RD, 2007 TO THE PRESENT DAY, THE DEFENDANT C.O. AUGUSTINE REFUSES TO PICK UP AND SEND OUT THE PLAINTIFF'S OUTGOING MAIL (MOST OF WHICH IS LEGAL MAIL) IN RETALIATION FOR THE PLAINTIFF'S PURSUIT OF GRIEVANCES AND A FEDERAL CIVIL ACTION (# 04 CV 6432 AND # 07 CV 6265) THE DEFENDANTS C.O. AUGUSTINE'S ACT OF REFUSING TO PICK UP AND SEND OUT THE PLAINTIFF'S OUTGOING MAIL, MOST OF WHICH WAS LEGAL MAIL AND DIRECTED TO THE COURTS, VIOLATES THE FIRST AMENDMENT AND IS A BOUNDS VIOLATION. (SEE: BOUNDS VS. SMITH, 430 U.S. 817 (1977).

21#. FROM JUNE 23RD, 2007 TO THE PRESENT DAY, THE DEFENDANT C.O. AUGUSTINE CONSISTENTLY MAKES THREATENING COMMENTS TOWARD THE PLAINTIFF ON A DAILY BASIS.
THESE THREATENING COMMENTS INCLUDE " AS LONG AS I WORK I'M NOT GOING TO FEED YOU AND I'M NOT GOING TO MAIL OUT ANY OF YOUR OUTGOING MAIL " AND " I'M GOING TO MAKE SURE YOU DONT FILE ANYMORE LAWSUITS, BECAUSE AS LONG AS I WORK, NONE OF YOUR OUTGOING MAIL WILL BE PICKED UP ", AND " THE FIRST CHANCE I GET I'M GOING TO KICK YOUR ASS." THE DEFENDANT C.O. AUGUSTINE'S THREATS TOWARD THE PLAINTIFF ARE ONGOING AND OCCUR ON A DAILY BASIS.

22. DEFENDANT C.O. AUGUSTINE's RETALIATORY ACTIONS AGAINST THE PLAINTIFF WHICH INCLUDE REFUSING TO FEED THE PLAINTIFF, REFUSING TO PICK UP AND SEND OUT THE PLAINTIFF's OUTGOING MAIL AND MAKING INTIMIDATING AND THREATENING REMARKS OF BODILY HARM TOWARD THE PLAINTIFF, ARE IN RETALIATION OF THE PLAINTIFF's PURSUIT OF SEVERAL GRIEVANCES AND A FEDERAL CIVIL ACTION AGAINST HIM (# 07 cv 6265) AND DUE TO THE PLAINTIFF's RELIGIOUS BELIEFS (SEE: CASE # 07 cv 6265) DEFENDANT C.O. AUGUSTINE's RETALIATORY ACTIONS VIOLATES SEVERAL OF THE PLAINTIFF's CONSTITUTIONAL RIGHTS INCLUDING THE 1ST, 8TH AND 14TH AMENDMENT RIGHTS OF THE PLAINTIFF.

23. FROM JUNE 23RD, 2007 TO THE PRESENT DAY, I HAVE WRITTEN NUMEROUS LETTERS TO THE DEFENDANTS SUPERINTENDENT DAVID NAPOLI, NOTIFYING HIM OF DEFENDANT C.O. AUGUSTINE's RETALIATORY ACTIONS, BUT THE DEFENDANT DAVID NAPOLI HAS FAILED TO INVESTIGATE THE PLAINTIFF's ISSUES AND SAFETY CONCERNS.

THE PLAINTIFF HAS REQUESTED THAT THE DEFENDANT DAVID NAPOLI MOVE HIM TO A SEPERATE PART OF THE FACILITY TO SEPERATE THE PLAINTIFF FROM THE DEFENDANT C.O. AUGUSTINE AND HIS RETALIATORY ACTIONS, BUT THE PLAINTIFF's REQUESTS HAVE GONE IGNORED

24#. THE DEFENDANT SUPERINTENDENT DAVID NAPOLI IS INTENTIONALLY HOUSING THE PLAINTIFF ON THE SAME HOUSING UNIT ( B-BLOCK, 1 COMPANY) THAT THE DEFENDANT C.O. AUGUSTINE WORKS ON, IN RETALIATION FOR THE PLAINTIFF'S PURSUIT OF NUMEROUS GRIEVANCES CHALLENGING THE UNCONSTITUTIONAL PRISON POLICIES AND LACK OF PRISON POLICIES IN THE SOUTHPORT CORRECTIONAL FACILITY.

SHORTLY AFTER BEING PHYSICALLY ASSAULTED ON JUNE 22ND, 2007, THE PLAINTIFF WAS ISSUED A FALSE MISBEHAVIOR REPORT BY THE DEFENDANTS C.O. AYERS AND C.O. SKELLY, CLAIMING THAT THE PLAINTIFF ASSAULTED THE OFFICERS WHICH IS WHY THEY HAD TO USE FORCE AGAINST THE PLAINTIFF.

25#. THE PLAINTIFF WAS PLACED ON SHOWER DEPRIVATION, OUTSIDE EXERCISE DEPRIVATION AND PLACED ON FULL RESTRAINTS FOR 30 CONSECUTIVE DAYS AS A RESULT OF THIS MISBEHAVIOR REPORT.

THE PLAINTIFF WAS FORCED TO HAVE ON LEG RESTRAINTS AND HANDCUFFED TO THE BACK WHENEVER HE EXITED HIS CELL.

DEFENDANTS C.O. AYERS AND C.O. SKELLY ACTION OF FILING A FALSE MISBEHAVIOR REPORT AGAINST THE PLAINTIFF IN RETALIATION FOR THE PLAINTIFF'S PURSUIT OF GRIEVANCES AND LAWSUITS, AS WELL AS TO COVER-UP THE FACT THAT THEY PHYSICALLY ASSAULTED THE PLAINTIFF, CONSTITUTES AN EGREGIOUS ABUSE OF AUTHORITY, AND SHOCKS THE CONSCIENCE, BECAUSE BOTH OF THESE REASONS WERE A SUBSTANTIAL AND MOTIVATING FACTOR BEHIND THE ISSUANCE OF THE MISBEHAVIOR REPORT

26#. THE PLAINTIFF FILED GRIEVANCES RELATED TO THE FACT THAT HE WAS PHYSICALLY ASSAULTED BY DEFENDANTS C.O. AYERS AND C.O. SKELLY ON JUNE 22ND, 2007 IN RETRUATION FOR HIS PURSUIT OF GRIEVANCES AND FEDERAL CIVIL ACTIONS #04 cv 6432 AND #07 cv 6265.

PROPER INVESTIGATIONS OF THE JUNE 22ND, 2007 ARE PENDING, AS OF THE TIME OF THIS COMPLAIN ON JUNE 22ND, 2007, SHORTLY AFTER THE PLAINTIFF WAS PHYSICALLY ASSAULTED AND MOVED TO B-BLOCK 1 COMPANY, THE DEFENDANT SEARGANT SHUMAKER ORDERED THE CORRECTION'S OFFICER CHARRON TO GO TO THE PLAINTIFF'S OLD CELL LOCATION (B-BLOCK, 6 COMPANY, 2 CELL) AND DESTROY ALL OF THE PLAINTIFF'S LEGAL DOCUMENTS RELATED TO HIS LAWSUITS (#04 cv 6432 AND 07 cv 6265, WHICH ARE STILL PENDING IN U.S. DISTRICT COURT, WESTERN DISTRICT OF NEW YORK WHICH VIOLATED THE PLAINTIFF'S FIRST, FOURTH AND FOURTEENTH AMENDMENT RIGHTS

27#. THE PLAINTIFF FILED A GRIEVANCE RELATED TO THIS SITUATION AND IT WAS DETERMINED THAT THE DEFENDANT SEARGANT SHUMAKER WAS IN MISCONDUCT IN THIS SITUATION FOR NOT INSTRUCTING HIS C.O. CHARRON TO INVENTORY THE PLAINTIFF'S PROPERTY WHILE PACKING IT UP WHICH VIOLATES PRISON POLICY.

28#. WHEN THE PLAINTIFF RECIEVED HIS PROPERTY ON JUNE 22ND, 2007 AT APPROXIMATELY 8:30 P.M., HE WAS MISSING ALL OF HIS LEGAL DOCUMENTS RELATED TO FEDERAL CIVIL ACTION # 04 CV 6432 AND # 07 CV 6265.

AS DEFENDANTS SEARGANT SHUMAKER'S ACTIONS VIOLATED THE FIRST, FOURTH, EIGHTH AND FOURTEENTH AMENDMENT RIGHTS OF THE PLAINTIFF, BECAUSE DEFENDANT SEARGANT SHUMAKER INTENTIONALLY ORDERED C.O. CHARRON TO DESTROY THE PLAINTIFF'S LEGAL DOCUMENTS AND HIS ACTIONS WERE NOT A RANDOM ONE, BUT ONE FOR RETALIATORY PURPOSES.

29#. THE PLAINTIFF FILED A GRIEVANCE RELATED TO THIS SITUATION BUT THE NEW YORK STATE D.O.C., AND THE STATE OF NEW YORK, DO NOT PROVIDE POST-DEPRIVATION REMEDY FOR THE DESTRUCTION OF LEGAL DOCUMENTS, THAT WERE DESTROYED IN RETALIATION OF A PERSONS EXERCISE OF HIS FEDERAL CONSTITUTIONAL RIGHTS.

THE DESTRUCTION OF THE PLAINTIFF'S LEGAL DOCUMENTS UNDER THE ORDERS OF DEFENDANT SEARGANT SHUMAKER, DELAYED AND HINDERED THE PLAINTIFF'S ABILITY TO CONDUCT AND SERVE DISCOVERY REQUESTS AND A MOTION FOR INJUNCTIVE RELIEF UPON THE DEFENDANTS LAWYER IN FEDERAL CIVIL ACTION # 04 CV 6432 IN A TIMELY FASHION, PER JUDGES ORDER.

30#. THE DEFENDANTS C.O. AYERS AND C.O. SKELLY ASSAULT AND BATTERY ON THE PLAINTIFF ON JUNE 22ND, 2007, IN RETALIATION FOR THE PLAINTIFF'S PURSUIT OF GRIEVANCES AND FEDERAL CIVIL ACTION # 04 CV 6432 AND 07 CV 6265, VIOLATED THE PLAINTIFF'S FIRST, EIGHTH AND FOURTEENTH AMENDMENT DUE PROCESS AND EQUAL PROTECTION RIGHTS. THE DEFENDANTS COMMISSIONER BRIAN FISCHER, SUPERINTENDENT DAVID NAPOLI AND DIRECTOR THERESA KNAPP DAVID FAILURE TO TAKE REASONABLE MEASURES TO ALLEVIATE A KNOWN RISK OF SERIOUS HARM TO THE PLAINTIFF LEAD TO THE INJURIES THAT THE PLAINTIFF SUSTAINED ON JUNE 22ND, 2007, AND VIOLATES THE PLAINTIFF'S EIGHTH AMENDMENT RIGHTS FOR DENYING HUMANE CONDITIONS OF CONFINEMENT TO THE PLAINTIFF.

31#. THE PLAINTIFF HAS SUBMITTED CIRCUMSTANTIAL EVIDENCE THAT HE WAS PHYSICALLY ASSAULTED BY DEFENDANTS C.O. AYERS AND C.O. SKELLY ON JUNE 22ND, 2007 IN RETALIATION FOR HIS PURSUIT OF FEDERAL CIVIL ACTION # 04 CV 6432 AND #07 CV 6265. THE PLAINTIFF ALSO HAS FOUR INMATE WITNESSES WHO CAN VERIFY THAT THEY WITNESSED DEFENDANTS C.O. AYERS AND C.O. SKELLY MAKE COUNTLESS NEGATIVE REMARKS ABOUT THE PLAINTIFF'S FEDERAL CIVIL ACTION # 04 CV 6432 AND #07 CV 6265, MOMENTS BEFORE THEY PHYSICALLY ASSAULTED THE PLAINTIFF ON JUNE 22ND, 2007. THESE FOUR INMATE WITNESSES ALSO WITNESSED THE PHYSICAL ASSAULT OF THE PLAINTIFF

32. THESE FOUR INMATES WITNESSES ARE K. MANSON # 98A5916, T. CROSS # 91A7183, JOHNSON # 95B0415 AND HARRIS # 05B0351.

AFTER THE JUNE 22nd, 2007 INCIDENT THE PLAINTIFF RECIEVED NUMEROUS THREATS FROM OTHER OFFICERS INCLUDING DEFENDANT C.O. AUGUSTINE CLAIMING THAT MORE BEATINGS WOULD COME IF THE PLAINTIFF " CONTINUED TO FILE GRIEVANCES AND COMPLAINTS ABOUT THE JUNE 22nd, 2007 INCIDENT ".

THE RETALIATORY ACTIONS BY DEFENDANTS C.O. AUGUSTINE, C.O. AYERS, C.O. SKELLY AND SEARGANT SHUMAKER WOULD NOT HAVE TAKEN PLACE BUT FOR THE PLAINTIFF'S PURSUIT OF FEDERAL CIVIL ACTIONS # 04 cv 6432 AND # 07 cv 6265.

33. THE SEQUENCE OF EVENTS DESCRIBED BY THE PLAINTIFF SUGGEST AND SHOULD PROVE A CORRELATION BETWEEN THE DEFENDANTS ACTIONS AND THE PLAINTIFF'S LAWSUIT.

THE TIMING OF THE DEFENDANTS ACTIONS AND THE DEVELOPMENTS IN THE PLAINTIFF'S LITIGATION AND WERE PREPARED TO TAKE STEPS TO HINDER IT. ALL OF THE DEFENDANTS ACTIONS VIOLATED CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE ∧PERSON SHOULD HAVE KNOWN.

* ALL OF THE DEFENDANTS MENTIONED IN THIS COMPLAINT EXERCISED EGREGIOUS ABUSE OF GOVERNMENTAL POWER, SHOCKING TO THE CONSCIENCE, AND IMPOSED ATYPICAL AND SIGNIFICANT HARDSHIP ON THE PLAINTIFF IN RELATION TO THE ORDINARY INCIDENTS OF PRISON LIFE.

34#. ON JUNE 28TH, 2007, THE LEGAL AID SOCIETY'S LEGAL INTERN, MS. KATE SKOLNICK WROTE A LETTER TO THE DEFENDANT DIRECTOR THERESA KNAPP DAVID NOTIFYING HER THAT THE PLAINTIFF WAS PHYSICALLY ASSAULTED ON JUNE 22ND, 2007 IN RETALIATION FOR THE PLAINTIFF'S PURSUIT OF FEDERAL CIVIL ACTIONS # 04 CV 6433 AND # 07 CV 6265.

MS. KATE SKOLNICK ALSO REQUESTED THAT THE DEFENDANT DIRECTOR THERESA KNAPP DAVID TRANSFER THE PLAINTIFF TO A FACILITY WHERE HIS SAFETY WOULD NOT BE COMPROMISED. ( COPIES OF THIS LETTER WERE ALSO SENT TO THE DEFENDANT SUPERINTENDENT DAVID NAPOLI).

35#. HOWEVER, THE DEFENDANTS DIRECTOR THERESA KNAPP DAVID AND DEFENDANT SUPERINTENDENT DAVID NAPOLI TO THIS PRESENT DAY, HAVE FAILED TO ADDRESS THE PLAINTIFF'S SAFETY CONCERNS WHICH ARE ONGOING. THE SOUTHPORT CORRECTIONAL FACILITY HAS A LONG HISTORY OF CORRECTIONS OFFICER BRUTALITY CASES. DEFENDANT COMMISSIONER BRIAN FISCHER IS WELL AWARE OF THE COUNTLESS OFFICER BRUTALITY COMPLAINTS THAT COME FROM THE SOUTHPORT CORRECTIONAL FACILITY BUT HAS DONE NOTHING TO SOLVE THIS SERIOUS PROBLEM. SINCE THE DEFENDANT COMMISSIONER BRIAN FISCHER IS IN CHARGE OF THE DAILY OPERATIONS OF THE NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES HIS FAILURE TO ACT IN REGARDS TO THESE OFFICER BRUTALITY COMPLAINTS HAS THE EFFECT OF CREATING A POLICY OF PERMITTING BRUTALITY OF INMATES

36#. THE DEFENDANT COMMISSIONER BRIAN FISCHER's "CIRCLE
THE TENTS" APPROACH TO OFFICER BRUTALITY COMPLAINTS
ALSO HAS THE EFFECT OF CREATING A POLICY
PERMITTING INADEQUATE INVESTIGATIONS OF INMATES
COMPLAINTS OF OFFICER BRUTALITY, AND IT ALSO HAS
THE EFFECT OF PERMITTING INADEQUATE DISCIPLINARY
PUNISHMENT ON OFFICERS, WHO ASSAULT AND BATTER
INMATES FOR NO LEGITIMATE REASON.
THE DEFENDANT COMMISSIONER BRIAN FISCHER HAS SHOWN
A DELIBERATE INDIFFERENCE TO INMATES AT SOUTHPORT
CORRECTIONAL FACILITY BY FAILING TO ACT ON PRIOR
OFFICER BRUTALITY COMPLAINTS BY INMATES AT
SOUTHPORT, AND BY FAILING TO CLOSELY SUPERVISE
OR PROVIDE BETTER TRAINING TO HIS SUBORDINATES
AT SOUTHPORT. THE DEFENDANT COMMISSIONER BRIAN
FISCHER ERRED BY NOT ANTICIPATING THE
REPERCUSSIONS HIS DECISION NOT TO ACT ON PRIOR
OFFICER BRUTALITY COMPLAINTS WOULD CREATE, WHICH
IS AN ATMOSPHERE OF LAWLESSNESS.
37#. DEFENDANT COMMISSIONER BRIAN FISCHER INACTION IN THE
FACE OF DOCUMENTED WIDESPREAD ABUSES BY OFFICERS
AT SOUTHPORT TOWARDS INMATES, MAKES HIM ACQUIESCED
IN THE CONSTITUTIONALLY OFFENSIVE CONDUCT OF HIS
SUBORDINATES WHICH IN THIS CASE IS DEFENDANTS
SUPERINTENDENT DAVID NAPOLI, DIRECTOR THERESA KNAPP
DAVID, SERGEANT SHUMAKER, C.O. AYERS AND
C.O. SKELLY.

38. DEFENDANT COMMISSIONER BRIAN FISCHER HAS A FIRMLY ESTABLISHED DUTY TO ENSURE THAT LEGITIMATE INSTRUMENTS OF CONTROL WERE NOT MISUSED BY ANY OF HIS SUBORDINATES, AT EVERY FACILITY WITHIN THE DEPARTMENT OF CORRECTIONS.

DEFENDANT COMMISSIONER BRIAN FISCHER IS DELIBERATELY INDIFFERENT TO THE USE OF EXCESSIVE FORCE AND OFFICER BRUTALITY INCIDENTS AT THE SOUTHPORT CORRECTIONAL FACILITY BY IT'S OFFICERS TOWARD INMATES AND HAS THEREFORE TACITLY AUTHORIZED SUCH PRACTICES THROUGH HIS FAILURE TO ACT ON PRIOR OFFICER BRUTALITY COMPLAINTS.

39. DEFENDANT SUPERINTENDENT DAVID NAPOLI IS RESPONSIBLE FOR THE DAY TO DAY OPERATIONS AT THE SOUTHPORT CORRECTIONAL FACILITY AND FOR THE TRAINING AND CONDUCT OF HIS/HER OFFICERS.

DEFENDANT SUPERINTENDENT DAVID NAPOLI WAS AND IS DELIBERATELY INDIFFERENT TO THE PLAINTIFF'S PHYSICAL SAFETY BASED ON THE FACT THAT HE WAS AND IS "SUBJECTIVELY AWARE" THAT THE PLAINTIFF FACED A SUBSTANTIAL RISK OF SERIOUS HARM AND DISREGARDED THAT RISK BY FAILING TO TAKE REASONABLE MEASURES TO ABATE IT.

40#. DEFENDANT DIRECTOR THERESA KNAPP DAVID IS RESPONSIBLE FOR THE DAY TO DAY OPERATION OF CLASSIFYING AND TRANSFERING EACH PRISONER WITHIN THE NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES. BASICALLY, DEFENDANT DIRECTOR THERESA KNAPP DAVID CONTROLS THE RIGHT TO TRANSFER EACH PRISONER, AT ANY GIVEN, TIME, WITHIN THE NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES.

DEFENDANT DIRECTOR THERESA KNAPP DAVID WAS AND IS DELIBERATELY INDIFFERENT TO THE PLAINTIFF PHYSICAL SAFETY BASED ON THE FACT THAT SHE WAS AND IS "SUBJECTIVELY AWARE" THAT THE PLAINTIFF FACED A SUBSTANTIAL RISK OF SERIOUS HARM AND DISREGARDED THAT RISK BY FAILING TO TAKE REASONABLE MEASURES TO ABATE IT.

DEFENDANTS COMMISSIONER BRIAN FISCHER AND SUPERINTENDENT DAVID NAPOLI HAVE FAILED TO EXERCISE THEIR STATUTORY POWERS IN A MANNER CALCULATE TO END THE INDISCRIMINATE USE OF EXCESSIVE FORCE AND OUTRIGHT ASSAULT AND BATTERY AGAINST INMATES AT SOUTHPORT CORRECTIONAL FACILITY.

41#. AN AFFIRMATIVE CASUAL LINK EXISTS BETWEEN THE DEFENDANTS COMMISSIONER BRIAN FISCHER AND SUPERINTENDENT DAVID NAPOLI INACTIONS AND THE HARM SUFFERED BY THE PLAINTIFF, BECAUSE IT HAS CREATED AN ATMOSPHERE OF LAWLESSNESS AT SOUTHPORT.

42#. DEFENDANT SUPERINTENDENT DAVID NAPOLI KNEW OF THE LONG LINE OF OFFICER BRUTALITY COMPLAINTS FILED BY INMATES AT SOUTHPORT, BUT HAS FAILED TO TAKE THE NECESSARY ACTIONS REQUIRED TO PREVENT FUTURE OFFICER BRUTALITY AND/OR EXCESSIVE FORCE INCIDENTS, AND HAS ALSO FAILED TO OFFER ADEQUATE GUIDANCE TO HIS SUBORDINATES CONCERNING THE APPROPRIATE USE OF FORCE TECHNIQUES WHEN DEALING WITH INMATES SECURELY CONFINED. DEFENDANT COMMISSIONER BRIAN FISCHER IS RESPONSIBLE FOR THE DAY TO DAY OPERATIONS OF ALL PRISONS IN NEW YORK STATE SYSTEM, AND ONE OF HIS PRIMARY RESPONSIBILITIES IS IMPLEMENTING POLICIES GOVERNING THE TREATMENT OF INMATES.

43#. IN DEFENDANT COMMISSIONER BRIAN FISCHER'S OFFICIAL CAPACITY, HE IS WELL AWARE OF THE COUNTLESS OFFICER BRUTALITY COMPLAINTS THAT HAVE BEEN FILED BY INMATES AT SOUTHPORT, AND IS ALSO AWARE OF THE COUNTLESS OFFICER EXCESSIVE FORCE INCIDENTS THAT ARISE OUT OF SOUTHPORT BUT HAS DONE NOTHING TO STOP THE POSSIBILITY OF FUTURE INCIDENTS.

DEFENDANTS COMMISSIONER BRIAN FISCHER AND SUPERINTENDENT DAVID NAPOLI'S DISCRETIONARY ABUSE OF POWER GOES BEYOND THE SCOPE OF THEIR AUTHORITY AND WAS PERFORMED UNDER COLOR OF STATE LAW.

44#. THERE ARE ABSOLUTELY NO CAMERA'S ON ANY OF THE HOUSING UNITS (COMPANY) IN SOUTHPORT CORRECTIONAL FACILITY, DESPITE THE FACT THAT THEIR ARE SO MANY OFFICER BRUTALITY/PHYSICAL ABUSE COMPLAINTS THAT ARE FILED BY INMATES AT SOUTHPORT. THE DEFENDANTS COMMISSIONER BRIAN FISCHER AND SUPERINTENDENT DAVID NAPOLI HAVE KNOWLEDGE OF THE FACT THAT SO MANY INMATES HAVE BEEN PHYSICALLY ASSAULTED BY OFFICERS INSIDE OF THEIR CELLS BUT HAVE FAILED TO CREATE A PROVISION TO MANDATE THE PLACEMENT OF CAMERA'S ON EACH HOUSING GALLERY (COMPANY) IN THE SOUTHPORT CORRECTIONAL FACILITY.

45#. THE DEFENDANTS COMMISSIONER BRIAN FISCHER AND SUPERINTENDENT DAVID NAPOLI HAVE KNOWLEDGE OF THE FACT THAT SO MANY INMATES HAVE BEEN PHYSICALLY ASSAULTED BY OFFICERS INSIDE OF THEIR CELLS BUT HAVE FAILED TO CREATE A PROVISION TO MANDATE THE PLACEMENT OF CAMERAS (24-HOURS) ON EACH HOUSING GALLERY (COMPANY) IN THE SOUTHPORT CORRECTIONAL FACILITY WHICH PROVES THEIR DELIBERATE INDIFFERENCE TO THE FACT THAT INMATES ARE CONSTANTLY ASSAULTED AND BATTERED INSIDE OF THEIR CELLS.

DEFENDANT COMMISSIONER BRIAN FISCHER AND SUPERINTENDENT DAVID NAPOLI ARE ALSO AWARE OF THE FACT THAT NUMEROUS INMATES, HAVE FILED COMPLAINTS RECENTLY AND IN THE PAST REGARDING THE FACT THAT THEY WERE ASSAULTED AND BATTERED IN RETALIATION FOR THEIR PURSUIT OF A LAWSUIT, INCLUDING THE PLAINTIFF.

46.* IT IS INCONCEIVABLE THAT THE DEFENDANTS COMMISSIONER BRIAN FISCHER AND SUPERINTENDENT DAVID NAPOLI, WHO BOTH HAVE A DIRECT STATUTORY RESPONSIBILITY FOR PRESCRIBING THE OPERATING RULES OF SOUTHPORT CORRECTIONAL FACILITY, WOULD BE UNAWARE OF A PRATICE AS RAMPANT AS EXCESSIVE FORCE AND PHYSICAL ABUSE OF INMATES AT SOUTHPORT, CONSIDERING THEIR HAVE BEEN SO MANY COMPLAINTS FILED BY INMATES SINCE 2000, AND SO MANY SITUATIONS IN WHICH INMATES HAVE BEEN SERIOUSLY INJURED, BY OFFICERS.

47.* THE DEFENDANTS COMMISSIONER BRIAN FISCHER AND SUPERINTENDENT DAVID NAPOLI KNEW OF THE NEED TO HAVE 24-HOUR CAMERA'S ON EACH HOUSING UNIT (COMPANY) IN SOUTHPORT, TO PREVENT OFFICERS FROM MISTREATING AND ABUSING INMATES IN THEIR CELL AS WELL AS OUTSIDE OF THEIR CELL, BUT HAVE FAILED TO CREATE A PROVISION TO MANDATE THE PLACEMENT OF 24-HOUR SURVEILLANCE CAMERA'S ON EVERY HOUSING GALLERY (COMPANY) IN SOUTHPORT, TO PREVENT FUTURE EXCESSIVE FORCE AND PHYSICAL ABUSE TREATMENT OF INMATES AT SOUTHPORT.

PRIOR TO THE JUNE 22ND, 2007 INCIDENT IN WHICH THE PLAINTIFF WAS PHYSICALLY ASSAULTED, THE PLAINTIFF WROTE NUMEROUS GRIEVANCES AND COMPLAINTS ABOUT THE NEED FOR 24-HOUR SURVEILLANCE CAMERAS ON EACH HOUSING GALLERY (COMPANY) AND THE DEFENDANTS BRIAN FISCHER AND DAVID NAPOLI WERE AWARE OF THESE GRIEVANCES & COMPLAINTS

48#. THIS ADMINISTRATIVE POLICY, OR MORE ACCURATELY LACK OF A POLICY, INVITED ABUSES OF THE KIND EXPERIENCED BY THE PLAINTIFF.

THE DEFENDANTS COMMISSIONER BRIAN FISCHER AND SUPERINTENDENT DAVID NAPOLI WERE KEENLY AWARE OF THEIR SPECIAL STATUTORY AND CONSTITUTIONAL RESPONSIBILITIES TO PROTECT INMATES FROM INHUMANE TREATMENT, BUT FAILED TO ENSURE THAT INMATES AT SOUTHPORT WERE FREE FROM EXCESSIVE FORCE AND PHYSICAL ABUSE AT THE HANDS OF OFFICERS. THE PLAINTIFF'S INJURIES WERE A NATURAL AND FORESEEABLE CONSEQUENCE OF THE DEFENDANTS COMMISSIONER BRIAN FISCHER AND SUPERINTENDENT DAVID NAPOLI'S INDIFFERENCE.

49#. THE PLAINTIFF HAS FILED NUMEROUS GRIEVANCES AND WRITTEN NUMEROUS LETTERS TO THE DEFENDANTS COMMISSIONER BRIAN FISCHER AND SUPERINTENDENT DAVID NAPOLI REQUESTING THAT A PROVISION BE CREATED INSTALLING 24-HOUR SURVEILLANCE CAMERA'S ON EACH HOUSING GALLERY (COMPANY) IN SOUTHPORT, DUE TO THE LARGE NUMBER OF INMATES THAT ARE PHYSICALLY ASSAULTED IN THEIR CELL IN SOUTHPORT.

HOWEVER, THE PLAINTIFF'S GRIEVANCES AND LETTERS HAVE GONE IGNORED AND HAVE BEEN DISREGARDED. THE DEFENDANTS FAILURE TO ACT ON THE PLAINTIFF'S PRIOR GRIEVANCES AND LETTERS LEAD TO THE INJURIES THE PLAINTIFF SUSTAINED ON JUNE 22ND, 2007.

50#. THE FAILURE OF THE DEFENDANTS COMMISSIONER BRIAN FISCHER AND SUPERINTENDENT DAVID NAPOLI TO CREATE A PROVISION OR POLICY INSTALLING 24-HOUR SURVEILLANCE CAMERA'S ON EACH HOUSING GALLERY (COMPANY) IN SOUTHPORT DUE TO THE FACT THAT SO MANY OFFICER PHYSICAL ABUSE AND EXCESSIVE FORCE COMPLAINTS ARISE OUT OF SOUTHPORT PROVES ONCE AGAIN THAT DEFENDANT COMMISSIONER BRIAN FISCHER AND SUPERINTENDENT DAVID NAPOLI ARE DELIBERATELY INDIFFERENT TO THE PHYSICAL ABUSE THAT INMATES AT SOUTHPORT RECIEVE FROM OFFICERS, AND THE INJURIES THAT THE PLAINTIFF SUSTAINED ON JUNE 23rd, 2007, WERE A NATURAL AND FORESEEABLE CONSEQUENCE OF THEIR INDIFFERENCE.

51# IT HAS COME TO THE PLAINTIFF'S KNOWLEDGE THAT A LARGE NUMBER OF CORRECTIONS OFFICERS AT SOUTHPORT ARE ACTIVE OR RESERVE MEMBERS OF THE U.S. MILITARY AND IT HAS COME TO THE PLAINTIFF'S KNOWLEDGE THAT THE SOUTHPORT CORRECTIONAL FACILITY IS BEING USED AS A TRAINING CAMP FOR OFFICERS TO TEACH THEM TECHNIQUES ON HOW TO PHYSICAL ABUSE INMATES WHICH WILL HELP THEM IN THEIR WAR STRATEGY'S IN THE MIDDLE EAST. THIS IS A VERY SERIOUS AND ASTRONOMICAL VIOLATION OF THE PLAINTIFF'S AND ALL INMATES AT SOUTHPORT, 1st, 8TH, AND 14TH AMENDMENT RIGHTS. THE USE OF SOUTHPORT CORRECTIONAL FACILITY AS A TRAINING FACILITY FOR MEMBERS OF THE MILITARY IS NOT AUTHORIZED BY CONGRESS

52#. THE PLAINTIFF RAISED THIS CLAIM IN FEDERAL CIVIL ACTION # 07 CV 6265, AND HIGH RANKING SOUTHPORT PRISON OFFICIALS INCLUDING DEFENDANTS SUPERINTENDENT DAVID NAPOLI AND DEFENDANT C.O. AUGUSTINE WERE AND ARE PREPARED TO HINDER THE PLAINTIFF FROM PURSUING THIS VERY SENSITIVE AND POLITICAL ISSUE.

A LARGE NUMBER OF THE CORRECTIONS OFFICERS AT SOUTHPORT, WHO ARE INVOLVED IN EXCESSIVE FORCE AND PHYSICAL ABUSE OF INMATES, ARE ACTIVE AND RESERVE MEMBERS OF THE UNITED STATE MILITARY.

53# THE PLAINTIFF HAS FILED COMPLAINTS AND/OR GRIEVANCES COMPLAINING OF MISCONDUCT, EXCESSIVE FORCE AND PHYSICAL ABUSE AT THE HANDS OF CORRECTIONS OFFICERS, WHO ARE ACTIVE OR RESERVE MEMBERS OF THE UNITED STATES MILITARY, HOWEVER IT SEEMS THE PLAINTIFF'S COMPLAINTS AND/OR GRIEVANCES ARE DISREGARDED.

THEIR IS A GROUP OF CORRECTIONS OFFICERS AT SOUTHPORT KNOWN AS THE "MILITIA" WHO GO AROUND ASSAULTING AND PHYSICALLY ABUSING INMATES FOR NO LEGIT REASON.

ALL OF THESE CORRECTIONS OFFICER ARE ACTIVE AND RESERVE MEMBERS OF THE UNITED STATES MILITARY.

54. THE DEFENDANT C.O. AUGUSTINE HAS TOLD THE PLAINTIFF NUMEROUS TIMES THAT HE IS PART OF A "MILITIA" AND THAT HE IS A RESERVE MEMBER OF THE U.S. MILITARY.

DEFENDANTS C.O. AUGUSTINE, C.O. AYERS AND C.O. SKELLY ARE MEMBERS OF THIS "MILITIA" WHO GO AROUND ASSAULTING AND PHYSICALLY ABUSING INMATES, ESPECIALLY MUSLIM INMATES, WHICH MAY EXPLAIN WHY THE PLAINTIFF WAS ASSAULTED, IN ADDITION TO THE PLAINTIFF'S PURSUIT OF GRIEVANCES AND LAWSUITS WHICH ARE, IN PART, BASED ON THE RIGHTS OF MUSLIM INMATES AND THE BURDEN THAT IS BEING PLACED ON THEM.

55. THE DEFENDANTS COMMISSIONER BRIAN FISCHER AND SUPERINTENDENT DAVID NAPOLI ARE FULLY AWARE OF THE LARGE NUMBER OF CORRECTIONS OFFICER AT SOUTHPORT, WHO ARE ACTIVE AND RESERVE MEMBERS OF THE UNITED STATES MILITARY, WHO HAVE BEEN INVOLVED IN EXCESSIVE FORCE AND PHYSICAL ABUSE OF INMATES, BUT ARE DELIBERATELY INDIFFERENT TO THE RIGHTS OF INMATES AT SOUTHPORT AND HAVE TACITLY AUTHORIZED FOR SUCH PRACTICES TO OCCUR, WHICH CREATES A POLICY ALLOWING THE SOUTHPORT CORRECTIONAL FACILITY TO SERVE AS A TRAINING FACILITY FOR ACTIVE AND RESERVE MEMBERS OF THE U.S. MILITARY, WHO ALSO HAPPEN TO BE CORRECTIONS OFFICERS, IN TRAINING THEM TO USE EXCESSIVE FORCE AND PHYSICAL AND PSYCHOLOGICAL ABUSE ON PRISONERS, WITHOUT THE PROPER AUTHORIZATION FROM CONGRESS WHICH VIOLATES ARTICLE I, SECTION 8, SUBDIVISION 16 OF THE U.S. CONSTITUTION. Since Andre Smith

PAGE 33

56. DEFENDANTS COMMISSIONER BRIAN FISCHER AND SUPERINTENDENT DAVID NAPOLI ARE FULLY AWARE OF THE PHYSICAL ABUSE AND PSYCHOLOGICAL TORTURE THAT THE PLAINTIFF AND OTHER PRISONERS ARE BEING SUBJECTED TO BY CORRECTIONS OFFICERS WHO ARE EITHER ACTIVE AND/OR RESERVED MEMBERS OF THE UNITED STATES MILITARY, BUT THEY HAVE INTENTIONALLY DISREGARDED THIS SUBSTANTIAL RISK OF SERIOUS PHYSICAL AND PSYCHOLOGICAL HARM BY FAILING TO TAKE THE REASONABLE MEASURES TO ABATE IT.

57. THE PLAINTIFF HAS EXPERIENCED PSYCHOLOGICAL TORTURE AT THE HANDS OF SOUTHPORT PRISON OFFICIALS INCLUDING DEFENDANTS C.O. AUGUSTINE, SERAGANT SHUMAKER AND SUPERINTENDENT DAVID NAPOLI, C.O. AYERS AND C.O. SKELLY. ( HERE ARE A FEW EXAMPLES OF PSYCHOLOGICAL TORTURE) AS A RESULT OF THE FALSE MISBEHAVIOR REPORT WRITTEN BY C.O. AYERS AND C.O. SKELLY ON JUNE 22nd, 2007, THE PLAINTIFF WAS PLACED ON FULL RESTRAINTS AND SHACKLED WHEREVER HE WENT. WHEN THE PLAINTIFF WAS RELOCATED TO B-BLOCK, 1 COMPANY SHORTLY AFTER BEING PHYSICALLY ASSAULTED, THE PLAINTIFF WAS PLACED IN AN ISOLATION SITUATION AND DEFENDANT C.O. AUGUSTINE REFUSED TO FEED HIM.
WHILE IN EXTENDED ISOLATION, THE PLAINTIFF WOULD BE INTERRUPTED BY STROBE LIGHTS 24-HOURS A DAY, CAUSING THE PLAINTIFF EXTREME SENSORY DEPRIVATION.

58# CORRECTIONS OFFICERS AT SOUTHPORT, WHO ARE EITHER ACTIVE OR RESERVE MEMBERS OF THE UNITED STATES MILITARY, ARE USING THE SAME PSYCHOLOGICAL TORTURE TECHNIQUES ON THE PLAINTIFF AND OTHER PRISONERS THAT ARE USED IN PRISONS IN IRAQ AND AFGHANISTAN.

SENSORY DEPRIVATION PRODUCES THE PRIMARY SYMPTOMS OF SCHIZOPHRENIA.

SENSORY DEPRIVATION MAY ALSO RESULT IN EXTREME ANXIETY, HALLUCINATIONS, BIZARRE THOUGHTS, DEPRESSION AND ANTI-SOCIAL BEHAVIOR AS WELL AS SIGNIFICANT PSYCHOLOGICAL DISTRESS.

59# THE WHOLE SYSTEM OF U.S. MILITARY PSYCHOLOGICAL TORTURE IS BEING ORCHESTRATED BY CORRECTIONS OFFICERS AT SOUTHPORT, WHO ARE ACTIVE AND RESERVE MEMBERS OF THE UNITED STATES MILITARY, ON SOUTHPORT PRISONERS INCLUDING THE PLAINTIFF. THE PLAINTIFF'S KNOWLEDGE OF THIS AND HIS POLITICAL VIEWS, ARE ONE OF THE REASONS DEFENDANTS COMMISSIONER BRIAN FISCHER, SUPERINTENDENT DAVID NAPOLI AND C.O. AUGUSTINE HAVE CONDUCTED RETALIATORY ACTIONS AGAINST THE PLAINTIFF, AND HAVE TOTALLY DISREGARDED A SUBSTANTIAL RISK OF HARM TO THE PLAINTIFF ON A DAILY AND CONTINUING BASIS, INTENTIONALLY !!!.!

60#. THE PLAINTIFF CAN AND WILL PROVE THESE VERY SERIOUS ALLEGATIONS THROUGH THE DISCOVERY PROCESS AND ALSO BASED ON INVESTIGATIVE REPORTS THAT HAVE BEEN MADE DUE TO THE PLAINTIFF'S FILING OF GRIEVANCES AND OTHER COMPLAINTS AND STATEMENTS BY CONFIDENTIAL INFORMANTS.

THE DEFENDANTS COMMISSIONER BRIAN FISCHER, SUPERINTENDENT DAVID NAPOLI AND DIRECTOR THERESA KNAPP DAVID ARE LIABLE IN A VERY SERIOUS WAY, DUE TO THE FACT THEY KNEW THE PLAINTIFF FACED A SUBSTANTIAL RISK OF SERIOUS HARM AND DISREGARDED THAT RISK BY FAILING TO TAKE REASONABLE MEASURES TO ABATE IT WHICH RESULTED IN THE JUNE 22ND, 2007 INCIDENT IN WHICH THE PLAINTIFF WAS PHYSICALLY ASSAULTED AS WELL AS THE OTHER INCIDENTS MENTIONED IN THIS COMPLAINT

THE FOLLOWING IS THE LIST OF CLAIMS THAT THE PLAINTIFF RAISES IN THIS COMPLAINT:

1#. THE PLAINTIFF STATES AN <u>ARTICLE I, SECTION 8, SUBDIVISION 16 ILLEGAL MILITARY TRAINING CLAIM</u> DUE TO THE FACT THAT THE DEFENDANTS COMMISSIONER BRIAN FISCHER AND SUPERINTENDENT DAVID NAPOLI HAVE CREATED A POLICY ALLOWING THE SOUTHPORT CORRECTIONAL FACILITY TO SERVE AS A TRAINING FACILITY FOR ACTIVE AND RESERVE MEMBERS OF THE U.S. MILITARY, WHO ALSO HAPPEN TO BE CORRECTIONS OFFICERS, TO HELP TRAIN THEM IN EXCESSIVE FORCE AND PHYSICAL ABUSE TECHNIQUES THAT CAN BE USED IN THE WAR IN THE MIDDLE EAST, WITHOUT THE PROPER AUTHORIZATION FROM CONGRESS

2#. THE PLAINTIFF STATES A FIRST AMENDMENT RETALIATION CLAIM DUE TO THE DEFENDANTS C.O. AYERS AND C.O. SKELLY's ASSAULT AND BATTERY ON THE PLAINTIFF ON JUNE 22nd, 2007, IN RETALIATION FOR THE PLAINTIFF's PURSUIT OF FEDERAL CIVIL ACTION # 04 CV 6432 AND # 07 CV 6265.

THIS CLAIM IS ALSO BASED ON THE FACT THAT DEFENDANT DAVID NAPOLI INTENTIONALLY HOUSED THE PLAINTIFF IN THE SAME HOUSING AREA AS DEFENDANT C.O. AUGUSTINE, EVEN THOUGH HE KNEW THAT THE PLAINTIFF FACED A SUBSTANTIAL RISK OF SERIOUS HARM AND RETALIATORY ACTIONS BY DEFENDANT C.O. AUGUSTINE. DEFENDANT DAVID NAPOLI DISREGARDED THIS RISK, IN RETALIATION FOR THE PLAINTIFF's PURSUIT OF GRIEVANCES AGAINST HIM AND OTHER SOUTHPORT PRISON OFFICIALS.

THIS CLAIM IS ALSO BASED ON THE FACT THAT DEFENDANT C.O. AUGUSTINE REFUSED TO FEED THE PLAINTIFF FOOD, AND ALSO REFUSED TO PICK UP AND MAIL OUT THE PLAINTIFF's OUTGOING MAIL WHICH INCLUDED LEGAL MAIL, IN RETALIATION FOR, THE PLAINTIFF's PURSUIT OF GRIEVANCES AND LAWSUITS AGAINST HIM.

THIS CLAIM IS ALSO BASED ON DEFENDANT C.O. AUGUSTINE CONTINUING RETALIATORY ACTIONS.

3#. The plaintiff states a <u>First Amendment Freedom</u> <u>of Expression Claim</u> due to the fact that the defendant C.O. Augustine refused to pick up and send out the plaintiff's outgoing mail and refused to give the plaintiff his incoming mail in retaliation for the plaintiff's pursuit of several grievances and lawsuits against him. (The plaintiff's outgoing mail included legal mail).

4#. The plaintiff states a <u>First Amendment Access</u> <u>to the Courts Claim</u> due to the fact that the defendant C.O. Augustine refused to pick up and send out the plaintiff's outgoing legal mail, most of which was directed to the United States District Court (W.D.N.Y.) in retaliation for the plaintiff's pursuit of federal civil action # 04 cv 6432 and # 07 cv 6265.

5#. The plaintiff states a <u>Bounds</u> (Bounds vs. Smith, 430 U.S. 817 (1977) <u>Claim</u> (actionable under the Fourteenth Amendment) due to the fact that the defendant C.O. Augustine refused to pick up and send out the plaintiff's outgoing legal mail, most of which was directed to the United States District Court (W.D.N.Y.) in retaliation for the plaintiff's pursuit of federal civil action # 04 cv 6432 and # 07 cv 6265.

6.# THE PLAINTIFF STATES A <u>FIRST AMENDMENT PETITION</u> <u>FOR REDRESS OF GRIEVANCES CLAIM</u> DUE TO THE FACT THAT THE DEFENDANTS C.O. AUGUSTINE REFUSED TO PICK UP AND SEND OUT THE PLAINTIFF'S OUTGOING LEGAL MAILS, MOST OF WHICH WAS DIRECTED TO THE UNITED STATES DISTRICT COURT (W.D.N.Y.) AND OTHER GOVERNMENT OFFICIALS, IN RETALIATION FOR THE PLAINTIFF'S PURSUIT OF FEDERAL CIVIL ACTION # 04 CV 6432 AND 07 CV 6265 AS WELL AS HIS PURSUIT OF GRIEVANCES AGAINST NUMEROUS SOUTHPORT PRISON OFFICIALS INCLUDING C.O. AUGUSTINE.

7.# THE PLAINTIFF STATES A <u>FOURTH AMENDMENT SEARCH</u> <u>AND SEIZURE CLAIM</u> DUE TO DEFENDANT SHUMAKER INTENTIONAL ACT OF DESTROYING THE PLAINTIFF'S LEGAL DOCUMENTS THAT WERE RELATED TO THE PLAINTIFF'S FEDERAL CIVIL ACTION # 04 CV 6432 AND # 07 CV 6265. DEFENDANT SHUMAKER'S ACT WAS NOT RANDOM.

8#. The PLAINTIFF STATES A EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT CLAIM DUE TO THE DEFENDANTS C.O. AUGUSTINE, C.O. SKELLY AND C.O. AYERS AND SEARGANT SHUMAKER's RETALIATORY ACTIONS AGAINST THE PLAINTIFF, WHICH INCLUDED ASSAULTING THE PLAINTIFF, DESTROYING HIS LEGAL DOCUMENTS, FAILING TO ADDRESS THE PLAINTIFF's SAFETY RISK DESPITE A KNOWN RISK, REFUSING TO FEED THE PLAINTIFF AND REFUSING TO PICK UP THE PLAINTIFF's OUTGOING MAIL, IN RETALIATION FOR THE PLAINTIFF PURSUIT OF A LAWSUIT AGAINST NUMEROUS SOUTHPORT PRISON OFFICIALS.

DEFENDANTS BRIAN FISCHER AND DAVID NAPOLI's INTENTIONAL ACT OF DENYING HUMANE CONDITIONS OF CONFINEMENT TO THE PLAINTIFF, DUE TO THE FACT THAT THEY KNEW THE PLAINTIFF FACED A SUBSTANTIAL RISK OF SERIOUS HARM AND DISREGARDED THAT RISK BY FAILING TO TAKE REASONABLE MEASURES TO ABATE IT.

DEFENDANTS BRIAN FISCHER AND DAVID NAPOLI's FAILURE TO CREATE A PROVISION OR POLICY INSTALLING 24-HOUR SURVEILLANCE CAMERA's ON EACH HOUSING GALLERY (COMPANY) DESPITE THEIR KNOWLEDGE OF THE FACT THAT A LARGE NUMBER OF PRISONERS IN SOUTHPORT WERE PHYSICALLY ASSAULTED BY OFFICERS INSIDE OF THEIR CELLS IS ALSO A BASIS FOR THIS CLAIM.

9#. THE PLAINTIFF STATES A <u>FOURTEENTH AMENDMENT</u> <u>DUE PROCESS CLAIM</u> DUE TO THE FACT THAT THE DEFENDANTS C.O. AYERS AND C.O. SKELLY ASSAULTED AND BATTERED THE PLAINTIFF ON JUNE 22ND, 2007, IN RETALIATION FOR THE PLAINTIFF'S PURSUIT OF A LAWSUIT. (#04 cv 6432 AND #07 cv 6265) THIS CLAIM IS ALSO BASED ON THE FACT THAT DEFENDANT SHUMAKER DESTROYED THE PLAINTIFF'S LEGAL DOCUMENTS THAT WERE RELATED TO FEDERAL CIVIL ACTION # 04 cv 6432 AND #07 cv 6265 DEFENDANT SHUMAKER'S ACTS WERE INTENTIONAL AND WAS NOT RANDOM. THEIR IS NO MEANINGFUL POST-DEPRIVATION REMEDY FOR THE DESTRUCTION OF LEGAL DOCUMENTS, IN THE STATE OF NEW YORK WHEN THE DEPRIVATION WAS IN RETALIATION OF A PERSON'S EXERCISE OF HIS FEDERAL CONSTITUTIONAL RIGHTS.

DEFENDANT C.O. AUGUSTINE'S RETALIATORY ACTIONS OF REFUSING TO FEED THE PLAINTIFF AND REFUSING TO PICK UP THE PLAINTIFF'S OUTGOING MAIL IN RETALIATION FOR THE PLAINTIFF'S PURSUIT OF A LAWSUIT AGAINST HIM ALSO VIOLATES THE PLAINTIFF'S 14TH AMENDMENT DUE PROCESS RIGHT

PAGE 38

10.* THE PLAINTIFF STATES A <u>FOURTEENTH AMENDMENT</u> <u>EQUAL PROTECTION CLAIM</u> DUE TO THE FACT THAT THE DEFENDANTS COMMISSIONER BRIAN FISCHER, DIRECTOR THERESA KNAPP DAVID AND SUPERINTENDENT DAVID NAPOLI, KNEW THE PLAINTIFF FACED A SUBSTANTIAL RISK OF SERIOUS HARM AND DISREGARDED THAT RISK BY FAILING TO TAKE REASONABLE MEASURES TO ABATE IT, WHICH RESULTED IN THE SERIOUS INJURIES THAT THE PLAINTIFF SUSTAINED ON JUNE 22ND, 2007. WHEN HE WAS PHYSICALLY ASSAULTED BY C.O. AYERS AND C.O. SKELLY IN RETALIATION FOR HIS PURSUIT OF NUMEROUS LAWSUITS AGAINST SEVERAL SOUTHPORT PRISON OFFICIALS, INCLUDING DEFENDANT C.O. AUGUSTINE THIS CLAIM IS ALSO BASED ON THE ILLEGAL TRAINING OF MILITARY OFFICERS TO ASSAULT MUSLIM PRISONERS AT SOUTHPORT, INCLUDING THE PLAINTIFF.

DATED: JULY 12TH, 2007

SINCERELY,

André Smith

ANDRÉ SMITH, PRO SE

DIN #: 03A6565

SOUTHPORT CORRECTIONAL FACILITY

P.O. BOX 2000

PINE CITY, NY 14871

PAGE 39

## PRAYER FOR RELIEF

THE PLAINTIFF WOULD LIKE TO ASK THE COURT TO :

1. AWARD THE PLAINTIFF COMPENSATORY DAMAGES IN THE AMOUNT OF $1,000,000 FOR THE PAIN, SUFFERING AND EMOTIONAL DISTRESS CAUSED TO THE PLAINTIFF FROM MAY 11th, 2007 TO THE PRESENT DATE, BY ALL SEVEN DEFENDANTS, BASED ON THE DEFENDANTS RETALIATORY ACTIONS AND DELIBERATE INDIFFERENCE TOWARDS THE PLAINTIFF'S PHYSICAL SAFETY, WHICH INCLUDED RETALIATING INTIMIDATING, ASSAULTING AND IGNORING THE PLAINTIFF'S SAFETY CONCERNS, ALL IN RETALIATION FOR THE PLAINTIFF'S PURSUIT OF GRIEVANCES AND FEDERAL CIVIL ACTIONS # 04 cv 6432 AND #07 cv 6265 .

2. AWARD THE PLAINTIFF PUNITIVE DAMAGES IN THE AMOUNT OF $1,000,000 DUE TO THE RETALIATORY ACTIONS, DELIBERATE INDIFFERENCE AND RECKLESS DISREGARD FOR THE PLAINTIFF PHYSICAL SAFETY, BY ALL SEVEN DEFENDANTS IN RETALIATION FOR THE PLAINTIFF'S PURSUIT OF GRIEVANCES AND FEDERAL CIVIL ACTIONS # 04 cv 6432 AND # 07 cv 6265 .

3. AWARD THE PLAINTIFF INJUNCTIVE RELIEF AND ANY OTHER COSTS THE COURT DEEMS JUST AND PROPER

SINCERELY
Andre Smith
ANDRE SMITH
DIN # : 03A6565

DATED : JULY 12th, 2007          SOUTHPORT CORRECTIONAL FACILITY
P.O. BOX 2000