-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANDRE SMITH, 03-A-6565,

        PLAINTIFF,

      -v-                         07-CV-6350CJS(P)

COMMISSIONER BRIAN FISCHER,          **ORDER**
DIRECTOR THERESA KNAPP-DAVID,
SUPERINTENDENT DAVID NAPOLI,
SERGEANT M. SHUMAKER,
CORRECTIONAL OFFICER AYERS,
CORRECTIONAL OFFICER SKELLY, and
CORRECTIONAL OFFICER AUGUSTINE,

        Defendants.

---

## INTRODUCTION

Plaintiff, Andre Smith, an inmate of the Southport Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1). He has requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No.2). Additionally, plaintiff has requested assignment of counsel (Docket No. 3). Plaintiff claims that the defendants, DOCS Commissioner Brian Fischer, Director of Movement and Classification Theresa Knapp-David, Southport Correctional Facility Superintendent David Napoli, Sergeant M. Shumaker, Correctional Officer Ayers, Correctional Officer Skelly, and Correctional Officer Augustine, violated his rights.

Plaintiff alleges that Ayers and Skelly assaulted him in retaliation for his earlier § 1983 cases and grievances. He claims

that Shumaker watched the assault and did nothing to intervene. Plaintiff claims that Napoli, Knapp-David and Fischer were aware of the risk of injury to plaintiff, but failed to protect him.  He alleges that the defendants were motivated by retaliation for pending federal cases and because plaintiff is Muslim.   For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, several of his claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, plaintiff's request for assigned counsel is denied without prejudice and service by the U.S. Marshals is ordered with respect to the remaining claims.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint.  In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor.  See Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the

2

Federal Rules of Civil Procedure.  Wynder v. McMahon, 360 F.3d 73 (2d Cir. 2004). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Communications, Inc. v. Shaar Fund, Ltd., --- F.3d ----, 2007 WL 1989336, *5 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, --- U.S. ----, ----, 127 S.Ct. 1955, 1965 (2007).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Whalen v. County of Fulton, 126 F.3d 400, 405 (2d. Cir. 1997) (citing Eagleston v. Guido, 41 F.3d 865, 875-76 (2d Cir.1994)).  Based on its evaluation of the complaint, the Court finds that plaintiff's claims concerning his allegations that the Southport Correctional Facility is being used as a U.S. Military training facility must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because it fails to state a claim upon which relief may be granted.

Plaintiff alleges that Commissioner Fischer and Superintendent Napoli have created a policy permitting Southport Correctional Facility to serve as a training ground for the U.S. Military, without authorization from Congress. A *pro se* plaintiff's

"conclusory allegation ... without evidentiary support or allegations of particularized incidents, does not state a valid claim." <u>Butler v. Castro</u>, 896 F.2d 698, 700 (2d Cir. 1990). Here, plaintiff asserts that members of the correctional staff who are also in the military are using the Correctional Facility to train for the excessive force and physical abuse techniques employed in war zones. To the extent that plaintiff is attempting to develop a separate claim from his allegations of excessive force that he himself claims that he suffered, the conclusory claims are insufficient. This claim is not amenable to improvement through amendment, and therefore the claim is dismissed with prejudice. <u>See</u> <u>Ruffolo v. Oppenheimer & Co.</u>, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend.").

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is hereby granted.

For the reasons discussed above, plaintiff's claim alleging an improper policy of military training is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. The remaining claims based on allegations of retaliation for

4

plaintiff's litigation and grievances, violations of his First Amendment rights, and assault may not ultimately be successful, but the Court's uncertainty that plaintiff will ultimately succeed on the merits is no justification for a dismissal at this stage of the case.  See Neitzke v. Williams, 490 U.S. 319, 327(1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); and see McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). Since the Court cannot say at this stage that "'it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief,'" Staron v. McDonald's Corp., 51 F.3d 353, 355 (2d Cir. 1995)  (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101, 2 L. Ed.2d 80 (1957)), the claims may go forward as pleaded.

With respect to the request for assignment of counsel, there is insufficient information before the Court at this time to make the necessary assessment of plaintiff's claims under the standards promulgated by Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997), and Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986), as issue has yet to be joined.  Therefore plaintiff's motion for appointment of counsel is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit pro se.  28 U.S.C. § 1654.

The U.S. Marshal is directed to serve the summons and complaint on DOCS Commissioner Brian Fischer, Director of Movement and Classification Theresa Knapp-David, Southport Correctional Facility Superintendent David Napoli, Sergeant M. Shumaker, Correctional Officer Ayers, Correctional Officer Skelly, and Correctional Officer Augustine.

### ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's claims regarding the alleged creation of a policy allowing military training is dismissed with prejudice;

FURTHER, that plaintiff's request for assignment of counsel is denied without prejudice;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon DOCS Commissioner Brian Fischer, Director of Movement and Classification Theresa Knapp-David, Southport Correctional Facility Superintendent David Napoli, Sergeant M. Shumaker, Correctional Officer Ayers, Correctional Officer Skelly, and Correctional Officer Augustine without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

**SO ORDERED.**

                                    s/Michael A. Telesca
                                MICHAEL A. TELESCA
                             United States District Judge

Dated:      November 30, 2007
            Rochester, New York