UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANDRE SMITH 03-A-6565

     Plaintiff,

  v.

COMMISSIONER BRIAN FISCHER, et al.

     Defendants.

DECISION & ORDER

07-CV-6350CJS

---

    Plaintiff in the above-captioned matter has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that he was assaulted by defendant corrections officers in retaliation for having exercised his constitutional rights.  (Docket # 1).  Currently pending before this Court are two separate motions by plaintiff seeking to compel various discovery and for sanctions.  (Docket ## 33, 34, 38).

    This Court's scheduling order, dated August 18, 2008, directed defendants to provide plaintiff with initial disclosure materials, as required by Rule 26 of the Federal Rules of Civil Procedure, by October 3, 2008.  (Docket # 30).  On October 22, 2008, plaintiff filed the first of his pending motions to compel, alleging that defendants had failed to provide him with the required initial disclosures.  In his motion, plaintiff requests that the Court issue an order requiring defendants to comply with their discovery obligation and imposing sanctions.  (Docket # 33).  A review of the Court's docket, however, reveals that defendants filed their Rule 26

disclosures with the Clerk of the Court on October 16, 2008.  (Docket # 32).  Accordingly, plaintiff's motion to compel is denied as moot.

Plaintiff's second motion seeks to compel defendants' responses to plaintiff's interrogatories, document requests and requests for admissions.  (Docket # 34, 38).  Plaintiff alleges that he served such requests upon defendants on September 19, 2008, and that defendants failed to respond.  Plaintiff also seeks an award of $5,000 as a sanction for defendants' failure.  (Docket # 34, 38).  A motion scheduling order was issued by this Court on October 27, 2008, affording defendants ample opportunity to respond to plaintiff's motion.  (Docket # 35).  On that same date, defendants filed a response to plaintiff's request for admissions.  (Docket # 36).  Defendants do not appear, however, to have responded to plaintiff's interrogatories or document requests, nor have they submitted any opposition to plaintiff's motion to compel such responses.

Accordingly, to the extent plaintiff moves to compel a response to his requests for admissions, such motion is denied as moot.  To the extent plaintiff seeks to compel responses to his interrogatories and document requests, his motion in granted.  Defendants shall provide plaintiff with a substantive response to each of his interrogatories and document requests within two weeks of the date of this Order.

Plaintiff's request for an award of sanctions is denied at this time.  Plaintiff shall be permitted to renew his motion in the event that defendants fail to comply with this Order.

**CONCLUSION**

For the foregoing reasons, it is the Decision and Order of this Court that plaintiff's motion to compel defendants' initial disclosures **(Docket # 33)** is **DENIED**. It is my further Decision and Order that plaintiff's motion to compel defendants' responses to his interrogatories, document requests and requests for admissions **(Docket # 34)** is **GRANTED in PART and DENIED in PART**.[1]

**IT IS SO ORDERED.**

                                           *s/Marian W. Payson*
                                           MARIAN W. PAYSON
                                         United States Magistrate Judge

Dated: Rochester, New York
       December   5  , 2008

---

[1] On November 19, 2008, plaintiff filed a separate motion to compel defendants' responses to his interrogatories, document requests and requests for admissions. (Docket # 38). Because this Court has already addressed the relief sought by plaintiff, his November 19, 2008 motion to compel **(Docket # 38)** is **DENIED as MOOT**.