UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANDRE SMITH

                Plaintiff,

      v.

COMMISSIONER BRIAN FISCHER, et al.,

                Defendants.

DECISION & ORDER

07-CV-6350CJS

---

## INTRODUCTION

Plaintiff Andre Smith ("Smith") in the above-captioned matter has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that he was assaulted by defendant corrections officers in retaliation for having exercised his constitutional rights. (Docket # 1). Currently pending before this Court is plaintiff's motion for sanctions. (Docket # 42).

On December 5, 2008, this Court issued a Decision and Order on two motions filed by Smith to compel defendants' responses to various discovery requests, as well as for sanctions. (Docket # 40). In that decision, this Court granted Smith's motions to compel in part and directed defendants to respond to Smith's interrogatories and document requests by no later than December 19, 2008. (*Id.*). Smith's motion for sanctions was denied without prejudice to renewal in the event that defendants did not comply with the Court's direction in a timely manner. (*Id.*).

On January 13, 2009, Smith filed the pending motion seeking an award of $5,000 in sanctions under Rules 11 and 37 of the Federal Rules of Civil Procedure on the grounds that

defendants had failed to comply with the Court's December 5, 2008 Order. (Docket # 42). This Court issued a scheduling order requiring defendants to file any opposition by March 9, 2009. (Docket # 46). On March 9, 2009, this Court received a letter from defendants' counsel requesting a one-week extension to the motion response deadline, which this Court granted over Smith's objection. (Docket # 49).

On March 16, 2009, defendants responded, with objections, to Smith's document requests. (Docket ## 50, 51). The next day – one day beyond the court-ordered extended deadline – defendants' counsel responded to Smith's motion for sanctions, explaining that various personal health issues and professional obligations had caused him to "inadvertently overlook[]" the discovery requests, and requested two additional weeks to answer Smith's interrogatories. (Docket # 52). Without explanation, defendants did not respond to Smith's interrogatories until several months later, on July 31, 2009. (Docket ## 57-59).

## DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure provides that if a motion to compel is granted or if the "requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Courts are afforded broad discretion in imposing sanctions. *Corporation of Lloyd's v. Lloyd's U.S.*, 831 F.2d 33, 36 (2d Cir. 1987) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976)). A request for fees may be denied where (1) the movant did not make a good faith effort to resolve

the dispute before filing the motion; (2) the non-moving party's failure to provide the discovery response was "substantially justified"; or (3) the award of fees would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

It is well-settled that *pro se* litigants who are not attorneys are not entitled to attorney's fees. *Kay v. Ehrler*, 499 U.S. 432, 435 n.4 (1991) (collecting cases). *Pro se* litigants may be entitled, however, to reimbursement of reasonable, documented litigation costs. *See*, *e.g.*, *Jermosen v. Smith*, 733 F. Supp. 13, 14 (W.D.N.Y. 1990) (awarding reimbursement of photocopying expenses where request was supported by a detailed affidavit); *Lozano v. Peace*, 2005 WL 1629644, *2-3 (E.D.N.Y. 2005) (declining to grant request for costs where *pro se* plaintiff failed to demonstrate any expenditures).

In the case at bar, Smith seeks sanctions in the amount of $5,000 in attorney's fees and costs, unsupported by any sworn affidavit or documentation reflecting incurred expenses.[1] (Docket # 56). As set forth above, when the disclosure of requested discovery material is provided only after a motion to compel is filed, Rule 37 requires the responding party to pay the movant's reasonable expenses. Fed. R. Civ. P. 37(a)(5)(A). Here, even if this Court accepts counsel's explanation for both overlooking the court's prior order and delaying in responding to the document requests, no explanation whatsoever has been proffered for counsel's prolonged delay in responding to the interrogatories until July 2009. Although I decline, based upon the above-cited authority, to award attorney's fees, I find that some sanction is appropriate and will

---

[1] I deny as moot Smith's request for an entry of a default judgment. On February 25, 2009, United States District Court Judge Charles J. Siragusa denied Smith's separate motion for a default judgment. (Docket # 47). I further decline plaintiff's invitation to impose sanctions under Rule 11, which expressly does not apply to discovery motions brought under Rules 26 through 37. Fed. R. Civ. P. 11(d).

3

require defendants to reimburse Smith for the costs, if any, he has incurred as the result of defendants' delayed discovery responses and the necessity of seeking judicial intervention in order to obtain them. Thus, Smith may submit to this Court by no later than **October 15, 2009**, a sworn affidavit detailing his costs, accompanied by any documentation demonstrating his expenditures in connection with obtaining defendants' discovery responses.

Finally, I address plaintiff's challenge to certain of defendants' objections to his document requests. Smith has requested the personnel files of defendants Fischer, Napoli and David. (*See* Docket # 51). As to defendants Augustine, Shumaker, Ayers and Skelly, plaintiff has requested "those files related to his involvement in any Use of Force incidents." (*Id.*). Defendants objected that these requests were overbroad and sought confidential information, but represented that the first three defendants' files would be searched for materials related to truth and veracity and that the latter four defendants' files would be searched for use of force records. (*Id.*). Smith replied that defendants had waived their right to object when they did not timely respond. (Docket # 55). Smith further clarified that he only seeks records related to the defendants' involvement in incidents involving use of force. The record is unclear whether any records have been produced to or made available for inspection by plaintiff. (*Id.*).

Smith is correct that failure to raise timely objections generally results in a waiver of those objections. *E.g.*, *Land Ocean Logistics, Inc. v. Agua Gulf Corp.*, 181 F.R.D. 229, 236 (W.D.N.Y. 1998) (collecting cases); *Williams v. Nat'l Hous. Exch. Inc.*, 165 F.R.D. 405, 409 (S.D.N.Y. 1996). A finding of waiver is particularly appropriate on this record where defendants delayed responding to the document requests for six months, despite an intervening court order compelling them to respond. Thus, defendants' counsel is directed to provide to plaintiff any

4

documents related to the seven defendants' involvement in use of force incidents by **September 30, 2009**.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion for sanctions **(Docket # 42)** is **GRANTED in PART and DENIED in PART.** By no later than **October 15, 2009**, plaintiff may submit a sworn affidavit detailing his costs in connection with obtaining responses to the requested discovery. Defendants are ordered to provide plaintiff with the additional discovery outlined in this Order by no later than **September 30, 2009**.

**IT IS SO ORDERED.**

                                                      *s/Marian W. Payson*
                                                         MARIAN W. PAYSON
                                               United States Magistrate Judge

Dated: Rochester, New York
        September __17__, 2009